United States District Court
Southern District of Texas

**ENTERED**

July 29, 2026

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| BUCKEYE PARTNERS, L.P., | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-25-4277 |
| | § | |
| STARR INDEMNITY & LIABILITY | § | |
| COMPANY, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Buckeye Partners, L.P. sues Starr Indemnity & Liability Company to recover the portion of a settlement that Buckeye's insurer, Westchester, paid to resolve an underlying lawsuit. (Docket Entry No. 1). Both sides have moved for summary judgment. (Docket Entry Nos. 13, 15). The parties spend much of their summary judgment briefing disputing whether Buckeye has been "damaged" for the purpose of its breach-of-contract claim, given that Westchester paid Buckeye's portion of the settlement. (Docket Entry Nos. 14, 15, 16). The supplemental briefing that the court ordered clarified that the issue is whether, under Rule 17 of the Federal Rules of Civil Procedure, Westchester can sue in Buckeye's name. (Docket Entry Nos. 20, 21).

Under Rule 17, "[a]n action must be prosecuted in the name of the real party in interest." FED. R. CIV. P. 17(a)(1). This party is "the person holding the substantive right sought to be enforced, and not necessarily the person who will ultimately benefit from the recovery." *In re Signal Int'l, LLC*, 579 F.3d 478, 487 (5th Cir. 2009). "The purpose of this provision 'is to assure a defendant that a judgment will be final and that res judicata will protect it from having to twice defend an action, once against an ultimate beneficiary of a right and then against the actual holder of the substantive right." *Wieburg v. GTE Sw. Inc.*, 272 F.3d 302, 306 (5th Cir. 2001) (quoting

*Farrell Constr. Co. v. Jefferson Par., La.*, 896 F.2d 136, 140 (5th Cir. 1990)); *see also Gogolin & Stelter v. Karn's Auto Imps., Inc*, 886 F.2d 100, 102 (5th Cir. 1989 ("The purpose of the rule is to prevent multiple or conflicting lawsuits by persons such as assignees, executors, or third-party beneficiaries, who would not be bound by res judicata principles.").

"If the insurer has paid the entire loss suffered by the insured, it is the only real party in interest and must sue in its own name." *Underwriters at Interest on Cover Note JHB92M10582079 v. Nautronix, Ltd.*, 79 F.3d 480, 484 (5th Cir. 1996); *see also United States v. Aetna Cas. & Sur. Co.*, 338 U.S. 366, 379–81 (1949).   The subrogation clause at issue makes clear that if Buckeye has the right to recover some or all of what Westchester, its insurer, paid, "those rights are transferred" to Westchester.  (Docket Entry No. 15-4 at 20).   It is undisputed that Buckeye "did not directly contribute to the settlement" of the underlying case and that Westchester paid Buckeye's portion of the settlement at issue.  (Docket Entry No. 16 ¶ 10).

In its supplemental brief, Buckeye cites state law to argue that Westchester may sue in Buckeye's name and that the case may proceed without changing parties.  (Docket Entry No. 20 ¶ 2).  There are two problems with that argument.  First, Buckeye has pointed to no case law showing that this federal court must or should follow Texas state law on this procedural issue. *See* CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FED. PRAC. & PROC. § 1546 (3d ed.) (asserting that federal courts need not follow state decisions holding that suit may be brought in the name of the insured); *In re CVA Gen. Contractors*, 267 B.R. 773, 784 (W.D. Tex. 2001) (contrasting the federal procedure with the Texas procedure on the issue of an insurer suing in its insured's name); *Wattles v. Sears, Roebuck & Co.*, 82 F.R.D. 446, 449 (D. Neb. 1979) ("However, the question of whether the plaintiffs may maintain this action in their own names alone, for their benefit and the benefit of their insurers, or whether the insurer may be required upon motion of the defendant to

2

assert its claim in its own name for its portion of the loss is procedural, rather than substantive."). Because Buckeye sued in federal court, the federal procedural rules apply.[1]

Second, even accepting Buckeye's argument that state law applies to the question of whether an insurer may sue in its insured's name, Buckeye has not pointed to record evidence showing that this is, in fact, a subrogation action brought by Westchester in Buckeye's name. Texas law indicates that there must be at least some evidence that a case is brought by the insurer in the insured's name. *See, e.g.*, *Camden Fire Ins. Ass'n v. Eckel*, 14 S.W.2d 1020, 1021 (Tex. Comm'n App. 1929, judgm't adopted) ("But the undisputed facts here show that Eckel did not institute the suit, that it was in fact instituted by an attorney representing the Northern Assurance Company, and there is no reasonable doubt that this course was pursued because of the express authority given in the assignment already quoted."); *San Antonio & A.P. Ry. v. D.M. Picton & Co*, 111 S.W.2d 843, 844 (Tex. Civ. App.—San Antonio 1938, writ ref'd) ("The testimony shows that the city of Corpus Christi did in fact institute this suit in the name of its assignor, D.M. Picton & Company, even though the city's name did not appear until the filing of the third amended original petition."); *Trans-State Pavers, Inc. v. Haynes*, 808 S.W.2d 727, 736 (Tex. App. Beaumont 1991, writ denied) (rejecting a belated argument that GEICO had brought suit in its insured's name in part because "there [was] no evidence" that GEICO had done so); *cf. Dominion Okla. Tex. Expl.*

---

[1] Fifth Circuit case law states that the court "must look to the governing substantive law—here, the law of Texas—to determine whether the plaintiffs in this action are indeed the real parties in interest" under Rule 17(a). *See Lubbock Feed Lots, Inc. v. Iowa Beef Processors, Inc.*, 630 F.2d 250, 256–57 (5th Cir. 1980). "[T]he real parties in interest" as defined by state law means "the party who, by the substantive law, has the right sought to be enforced." *Id.* at 257. The answer to the question of who has the right sought to be enforced (the insurer in this kind of subrogation action) does not answer the separate question of whether an insurer may sue in the name of its insured. *See* WRIGHT & MILLER, FED. PRAC. & PROC. § 1544 ("Finally, it should be noted that the question of who is the real party in interest should be distinguished from the question of in whose name an action may be brought. . . the question of in whose name the action should be brought is a procedural one and should be governed by the federal rules.").

*& Prod., Inc. v. Faulconer Energy Corp.*, No. 13-09-186-cv, 2010 WL 3422454 (Tex. App.—

Corpus Christi Aug. 21. 2010, pet. denied) (distinguishing *Haynes* in part because in the instant

case there was "evidence that [the insurer] knew about the lawsuit").  In addition to the lack of

evidence, Buckeye's own briefing is unclear as to whether it is bringing this case on Westchester's

behalf or whether Westchester is suing in Buckeye's name.[2]  (*Compare* Docket Entry No. 1 ¶ 23;

Docket Entry No. 13 at 1 n.2; Docket Entry No. 16 ¶ 10; Docket Entry No. 20 ¶ 2).

Under Rule 17, a court may not dismiss an action for failure to prosecute in the name of

the real party in interest after an objection[3] until "a reasonable time has been allowed for the real

party in interest to ratify, join, or be substituted into the action." FED. R. CIV. P. 17(a)(3).  Although

Starr argues that the court should grant its motion for summary judgment because Westchester is

the real party in interest, (Docket Entry No. 21 at 5), the Fifth Circuit has held that a district court

abused its discretion in dismissing before allowing a reasonable time for ratification, substitution,

or joinder when there was a reasonable explanation for the plaintiffs' failure to bring suit in the

correct party's name, even though the plaintiffs did not move for leave to do so before appealing.

*See Magallon v. Livingston*, 453 F.3d 268, 271, 273 (5th Cir. 2006); *see also Wieburg*, 272 F.3d

at 308–09.  Substitution is also the procedure promoted by *Underwriters*, 79 F.3d at 484, one of

the cases that Starr cites in its supplemental brief, (Docket Entry No. 21 at 1), and this court has

---

[2] In short, even under state law, it is not clear from the record that "in truth the real beneficial owner instituted" this case.  *Jaskolski v. Jahn*, 410 S.W.2d 858, 859 (Tex. Civ. App.—Waco 1996, no writ). *Prudential Prop. & Cas. Co. v. Dow Chevrolet-Olds, Inc.*, 10 S.W.3d 97, 99 (Tex. App.—Texarkana 1999, no pet.), upon which Buckeye heavily relies, cites *Camden* and *Jaskolski* (among other cases) and there does not appear to have been a dispute in that case that Prudential, the insurance company, had been behind the lawsuit the whole time, even though the case was originally brought in the insured's name.

[3] The court considers Starr's damages arguments to effectively be an objection under Rule 17.  *See First Hartford Realty Corp. v. Omega Contractors, Inc.*, Civ. Action No. 11-2294, 2013 WL 5567168, at *2 (E.D. La. Oct. 9, 2013).

approved ratification in analogous circumstances,[4] *see Sw. Risk, L.P. v. Ironshore Specialty Ins. Co.*, No. H-14-1745, 2015 WL 589436, at *3 (S.D. Tex. Feb. 11, 2015).

Buckeye is allowed an opportunity to follow the Rule 17 procedure. *See Rideau v. Keller Indep. Sch. Dist.*, 819 F.3d 155, 167 (5th Cir. 2016) (quoting *Link Aviation, Inc. v. Downs*, 325 F.2d 613, 613 (D.C. Cir. 1963), for its holding that a lawsuit filed in the insured's name rather than the name of the subrogated insurance company, which was the real party in interest, was "not so lacking in validity as to furnish no support for a motion to bring it into compliance with Rule 17(a)"); *see also Coon v. Trans Am Fin. Servs.*, No. 24-4025-DDC-RES, 2025 WL 317513, at *11 (D. Kan. Jan. 28, 2025) (ordering the plaintiff to move to substitute the real party in interest to avoid dismissal and denying a motion for partial summary judgment as moot because the plaintiff, who was not the real party in interest, could not prosecute the case).

Buckeye must file its motion under Rule 17 (and, if moving to substitute rather than ratify, under Rule 15, *see Underwriters*, 79 F.3d at 484), no later than August 21, 2026. Starr must file any response within 21 days after Buckeye files its motion. The court terminates the pending motions for summary judgment as moot at this time. (Docket Entry Nos. 13, 15). If and when the court confirms that Rule 17's requirements have been satisfied, the parties may refile their motions for summary judgment and this case can proceed toward resolution.

SIGNED on July 29, 2026, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge

---

[4] "A proper ratification under Rule 17(a) requires that the ratifying party (1) authorize continuation of the action and (2) agree to be bound by its result." *ICON Grp., Inc. v. Mahogany Run Dev. Corp.*, 829 F.2d 473, 478 (3d Cir. 1987).

5